UNITED STATES, Appellee

v.

Daqric B. MOOREFIELD, Sergeant
U.S. Marine Corps, Appellant

No. 07-0503

Crim. App. No. 200600162

United States Court of Appeals for the Armed Forces

Argued March 10, 2008

Decided April 1, 2008

PER CURIAM

<u>Counsel</u>

For Appellant:  Lieutenant Gregory W. Manz, JAGC, USN (argued);
Lieutenant Darrin W. S. MacKinnon, JAGC, USNR (on brief).

For Appellee:  Colonel Louis J. Puleo, USMC (argued); Commander
Paul C. LeBlanc, JAGC, USN, and Major Tai D. Le, USMC (on
brief); Major Kevin C. Harris, USMC.


Military Judge:  M. B. Richardson


<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION**</u>.

United States v. Moorefield, No. 07-0503/MC

PER CURIAM:

A general court-martial composed of officers and enlisted members convicted Appellant, contrary to his pleas, of one specification of making a false official statement in violation of Article 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 907 (2000);[1] one specification of insubordination toward a noncommissioned officer, in violation of Article 91, UCMJ, 10 U.S.C. § 891 (2000); one specification of attempting to strike a military policeman in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2000); five specifications of assault in violation of Article 128, UCMJ; and one specification each of disorderly conduct, soliciting crime, communicating a threat, and impersonating a noncommissioned officer, in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2000).  The members sentenced Appellant to a bad-conduct discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade.  The convening authority approved the sentence and credited Appellant with 324 days for pre-trial confinement.  The United States Navy-Marine Corps Court of Criminal Appeals (CCA) affirmed.  United States v. Moorefield, No. NMCCA 200600162 (N-M. Ct. Crim. App.  Dec. 19, 2006) (per curiam) (unpublished).

---

[1] It is directed that the promulgating order be corrected to reflect that Appellant pled not guilty to Charge I, Specification 1 (as reflected in the Record of Trial at 59).

2

DISCUSSION

The staff judge advocate (SJA) in this case, Colonel (Col.) K, served as the military judge in an earlier, unrelated court-martial of Appellant. Appellant argued that Col. K should have been disqualified because his participation in the second court-martial violated Rule for Courts-Martial (R.C.M.) 1106, Article 6, UCMJ, 10 U.S.C. § 806 (2000), and 28 U.S.C. § 455 (2000), and required recusal.

The CCA rejected this argument. It recognized that R.C.M. 1106(b) and Article 6, UCMJ, bar a person from participating as the SJA in the same case that he served as a military judge, but held that because Appellant had not shown that the two trials in which Col. K was involved were the same case, R.C.M. 1106(b) and Article 6, UCMJ, did not apply. Moorefield, No. NMCCA 200600162, slip. op. at 3. We agree.

Appellant's courts-martial occurred several years apart and involved different victims and evidence. And Appellant points to no specialized knowledge obtained by Col. K in the course of the first court-martial, or knowledge of disputed evidentiary facts in the second court-martial on the part of Col. K.[2] Moreover, Appellant has not shown that anything Col. K, as SJA,

---

[2] Thus, even assuming without deciding that 28 U.S.C. § 455 (2000), which pertains to the disqualification of federal justices, judges, and magistrates as defined in 28 U.S.C. § 451 (2000), extends to an SJA, it did not require Col. K to disqualify himself.

3

did or did not do in the course of the second court-martial prejudiced him.  Under the facts of this case, Col. K acted as SJA and military judge in cases involving Appellant that were neither the same case for purposes of R.C.M. 1106 or Article 6, UCMJ, nor the same matter, for purposes of Dep't of the Navy, Judge Advocate General Instr. 5803.1B, Professional Conduct of Attorneys Practicing Under the Supervision of the Judge Advocate General, Rule 1.12 (Feb. 11, 2000).

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.